UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
In re:

                                                 Chapter 11

r4 VASCULAR INC.,                                      Case No. 13-12409 (SCC)

                            Debtor.
------------------------------------------------------------------------ X

**ORDER (1) APPROVING DEBTOR'S DISCLOSURE STATEMENT
PURSUANT TO 11 U.S.C. §1125 ON A FINAL BASIS AND (2) CONFIRMING
<u>DEBTOR'S CHAPTER 11 PLAN OF LIQUIDATION</u>**

        r4 Vascular, Inc. the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>") having filed its Chapter 11 Plan of Liquidation (the "<u>Plan</u>") dated November 14, 2013 under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and an Amended Disclosure Statement For Plan Of Liquidation Of r4 Vascular, Inc., dated November 26, 2013 (the "<u>Disclosure Statement</u>"); and the Court having entered an Order on November 26, 2013, which, *inter alia,* (1) scheduled a joint hearing on final approval of the Disclosure Statement and confirmation of the Plan pursuant to 11 U.S.C. §§105(d)(2)(B)(vi) and 1125(f)(3) for January 29, 2014 at 10:00 a.m. and (2) set a deadline for submission of ballots on or before January 13, 2014 at 4:00 p.m. (the "<u>Scheduling Order</u>"), and a copy of the Plan, Disclosure Statement with exhibits, Scheduling Order and Ballot having been transmitted to all known holders of Claims and Interests in accordance with the Scheduling Order and Bankruptcy Rules 2002, 3017 and 3019; and the hearing on confirmation of the Plan having been held on the January 29, 2014 (the "<u>Hearing</u>") pursuant to a notice as heretofore directed; and affidavits of service having been filed herein evidencing compliance with such notice; and upon the entire record of this case and the transcript of the Hearing; and the Certification of Ballots of Scott A. Steinberg, Esq. cast in

1

acceptance of and in rejection to the Plan, dated January 21, 2014 having been filed herein; and the Court having considered the testimony offered by the Debtor and all pleadings submitted in connection with the final approval of the Disclosure Statement and confirmation of the Plan; and upon all proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefore; it is **HEREBY FOUND AND DETERMINED** that:

A.  As shown by the affidavits of service of Steven Rosenberg, duly sworn to on December 6, 2013, proper, timely, adequate and sufficient notice of the entry of the Scheduling Order to all known creditors, Interest holders and parties in interest has been provided in accordance with such Order and no further or other notice of the Hearing or entry of this Order is necessary.

B.  This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. Sections 1334 and 157(b). This is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(A), (D), (L), (M), (N) and (O) over which this Court has jurisdiction to enter a final order. Venue of this chapter 11 case is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409.

C.  The Disclosure Statement contained "adequate information," as that term is defined by Section 1125(a)(1) of the Bankruptcy Code, sufficient to enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the Plan.

D.  The Plan has been accepted in writing pursuant to Section 1126(c) of the Bankruptcy Code by at least one class of creditors as defined in Section 101(10) of the Bankruptcy Code ("Creditors") whose acceptance is required by law.

E.  The Plan complies with all applicable provisions of Title 11, United States Code

and Rule 3016 of the Bankruptcy Rules.

F.  The Plan has been proposed in good faith and not by any means forbidden by law and has been proposed for valid business purposes to satisfy substantial obligations of the Debtor.

G.  The identity, qualifications, and affiliations of the persons who are to be directors, officers, voting trustees, if any, to the Debtor after confirmation of the Plan have been fully disclosed to the extent currently known and ascertainable, and the appointment of such persons to such offices, or their continuance therein, if any, is equitable, and consistent with the interests of creditors and with public policy.

H.  The identity and nature of compensation of any insiders that will be employed or retained by the Debtor and their compensation, if any, have, to the extent currently known and ascertainable, been fully disclosed.

I.  There exists no governmental regulatory commission with jurisdiction over the rates of the Debtor, and therefore Section 1129(a)(6) of the Bankruptcy Code is inapplicable.

J.  With respect to each impaired class of Claims or Interests, each holder of a claim as defined in Section 101(5) of the Code ("Claim") or Interest of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the effective date of the Plan (the "Effective Date"), that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

K.  The Plan provides that with respect to any Claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code, the holder of such Claims will receive on account thereof payment in equal consecutive monthly installments commencing on the Effective Date and

3

continuing for five (5) years thereafter.

L.  The holders of allowed Claims of a kind specified in Section 507(a)(2), if any, will be paid in the ordinary course and according to the terms and conditions of the respective contracts with holders of such Claims.

N.  There are no holders of Claims of a kind specified in Sections 507(a)(1), (3), (4), (5), (6), (7), (9) and (10) of the Bankruptcy Code.

M.  Class 2 is impaired within the meaning of Section 1124 of the Code and has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim within such class.

N.  Class 3 Interest holders are deemed to have rejected the Plan.

O.  The Plan is a liquidating plan and as such Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

P.  All fees payable under 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 have been paid or will be paid on the Effective Date.

Q.  Sections 1129(a)(13) through (15) of the Bankruptcy Code are inapplicable herein.

R.  The Plan satisfies the requirements of Sections 1122 and 1123 of the Bankruptcy Code, and the classification of Claims and Interests are reasonable and not impermissibly discriminatory.

S.  There is no other plan of reorganization that has been moved for confirmation. The Plan is therefore the only plan pending before the Court.

T.  The Plan is fair and equitable with respect to Class 3 Interests because no holders of any interest that is junior to the interests of Class 3 will receive or retain any property under

the Plan.

U.   The Plan does not discriminate unfairly with respect to any Claim or Interest or Class of Claims or Interests.

V.   All the requirements of Section 1129(b) have been met under the Plan.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.   The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2.   The Disclosure Statement is hereby approved on a final basis in all respects pursuant to Section 1125 of the Bankruptcy Code and is deemed to contain "adequate information" within the meaning of Section 1125(a)(1) of the Bankruptcy Code.

3.   The Plan, a copy of which is on file with the Court and has been previously served upon all of the Debtor's known creditors, interest holders and parties in interest, be and the same hereby, is confirmed pursuant to Sections 1129 and 1141 of the Bankruptcy Code. Unless otherwise defined herein, capitalized terms in this Order shall have the meanings ascribed to them in the Plan.

4.   In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern; in all other respects, the terms of the Plan shall govern.

5.   Upon the Effective Date, all assets and property of the Debtor and of the Debtor's estate, wherever situated, shall vest in the Reorganized Debtor, free and clear of all liens, claims

and encumbrances, other than those liens, claims and encumbrances expressly preserved in the Plan or this Order or that constitute a statutory real property tax lien under relevant state or local law.

6. The Debtor is hereby authorized and empowered to take all steps necessary to effectuate consummation of the Plan in conformity with the terms of the Plan, to issue securities and distribute cash and property pursuant to the Plan and to take such actions to issue, execute and deliver such documents as may be necessary to carry out the terms thereof.

7. The Debtor is hereby authorized and directed to file quarterly disbursement reports for each quarter the chapter 11 case remains open and pay United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 until the chapter 11 case is closed. Such fees shall be payable in accordance with 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717. Any contrary provision in the Plan regarding the application of 31 U.S.C. Section 3717 shall be deemed stricken, withdrawn and of no force or effect.

8. The Plan, this Order, and their respective provisions shall be binding upon the Debtor, any lessor or lessee of property from or to the Debtor, and any and all creditors, Interest holders of the Debtor and any other party in interest in the chapter 11 case, whether or not the Claim or Interest of such creditor, Interest holder or other party in interest is impaired under the Plan and whether or not such creditor, Interest holder or other party in interest has filed, or is deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan.

9. Effective on the Confirmation Date, all persons who have held, hold or may hold Claims or Interests resolved under the Plan and this Order are hereby enjoined and precluded from taking any action, including without limitation, any of the following actions against or

affecting the Debtor, or the assets of the Debtor with respect to or arising from such Claims or Interests, except as otherwise set forth in the Plan, and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order:

(i) Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor or the assets of the Debtor;

(ii) Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor or the assets of the Debtor;

(iii) Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or the assets of the Debtor;

(iv) Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, against either the Debtor or the assets of the Debtor;

(v) Proceeding in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan.

9. The Debtor, by and through its authorized representatives, is hereby authorized to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order.

10. All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the Board of Directors or shareholders of the Debtor.

11. This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Bankruptcy Code and provided in the Plan, and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan, including but not limited to the following:

(a) to determine all controversies relating to or concerning the allowance of Claims upon objection to such Claims by the Debtor;

(b) to determine requests for payment of Claims entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including any and all applications for compensation for professional and similar fees;

(c) to determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C Sections 157 and 1334;

(d) to determine any and all applications pursuant to Section 365 of the Bankruptcy Code for the rejection or assumption and/or assignment, as the case may be, of executory contracts and unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to determine and, if necessary, to liquidate, any and all Claims arising therefrom;

(e) to determine all disputed, contingent or unliquidated Claims;

(f) to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistencies in the Plan or Confirmation Order to the extent authorized by the Bankruptcy Code;

(g) to resolve any controversies and disputes regarding the interpretation and enforcement of any orders entered in the chapter 11 case;

(h)  to make such orders as are necessary or appropriate to implement and enforce the provisions of the Plan;

(i)  to resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, or any of the agreements or instruments issued under or relating to the Plan; and

(j)  to enter a final decree closing the Debtor's chapter 11 case.

21.  This Order shall take effect and shall be fully enforceable immediately upon execution hereof.

Dated: January 29, 2014
New York, New York

> */s/ Shelley C. Chapman*
> HONORABLE SHELLEY C. CHAPMAN
> UNITED STATES BANKRUPTCY JUDGE